**JACKSON LEWIS P.C.**
Timothy M. McCarthy (PA#319308)
Zachary M. Halpern (PA #334087)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
*Attorneys for Garnishee,*
*Pfizer Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIYLAH BURNS,<br><br>               Plaintiff,<br><br>    v.<br><br>BLAKELY COOPER,<br>ERIE INSURANCE EXCHANGE<br>a/ka/ ERIE INSURANCE COMPANY<br><br>               Defendants, and<br><br>PFIZER INC.<br><br>               Garnishee. | The Honorable Juan R. Sanchez<br><br>CIVIL ACTION NO.: 2:23-cv-05090-JS |

## <u>GARNISHEE'S MOTION TO DISMISS PLAINTIFF'S GARNISHMENT ACTION</u>

Garnishee Pfizer Inc. ("Pfizer" or "Garnishee"), by and through its undersigned counsel, Jackson Lewis P.C., respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an entry of an order dismissing Plaintiff's Garnishment Action against Pfizer in its entirety, with prejudice. The law supporting this motion is fully set forth in the Memorandum of Law submitted herewith, which is incorporated herein by reference. A proposed order is also submitted herewith.

**JACKSON LEWIS P.C.**
Timothy M. McCarthy (PA#319308)
Zachary M. Halpern (PA #334087)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
*Attorneys for Garnishee,*
*Pfizer Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIYLAH BURNS,<br><br>               Plaintiff,<br><br>     v.<br><br>BLAKELY COOPER,<br>ERIE INSURANCE EXCHANGE<br>a/ka/ ERIE INSURANCE COMPANY<br><br>              Defendants, and<br><br>PFIZER INC.<br><br>             Garnishee. | Honorable Juan R. Sanchez<br><br>CIVIL ACTION NO.: 2:23-cv-05090-JS |

## GARNISHEE'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

Garnishee Pfizer Inc. ("Pfizer" or "Garnishee"), by and through its undersigned counsel, Jackson Lewis P.C., hereby files this memorandum of law in support of its Motion to Dismiss Plaintiff's Garnishment Action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted.

## I.  PROCEDURAL HISTORY

On or about June 13, 2016, Plaintiff, Jamiylah Burns, commenced a civil action in the Court of Common Pleas, Montgomery County, Pennsylvania, bearing Index No. 2016-11905. On

November 21, 2023, a copy of Plaintiff's Praecipe for Writ of Execution of Money Judgment ("Writ of Execution") was purportedly served on Pfizer, thereby creating a distinct civil action (the "Garnishment Action"). *See* **Exhibit A,** Garnishment Action.  On December 21, 2023, Pfizer removed the Garnishment Action to this Court. Pfizer now moves to dismiss the Garnishment Action in its entirety.[1]

## II.   FACTS

On June 19, 2019, Plaintiff was awarded $75,000 in damages after a jury trial for defamation and intentional interference with contract against Defendant Blakely Cooper. *See* **Exhibit B**, Jamiylah Burns' Motion for Judgment Against Garnishees, at ¶ 2. She seeks to collect that amount, along with three-years' of accumulated interest, from two of Blakely Cooper's retirement accounts via the Garnishment Action. *See* Ex. A.

The account at issue in this garnishment proceeding is held under the Pfizer Savings Plan ("Pfizer Plan"), which is governed by the federal Employee Retirement Income Security Act of 1974 ("ERISA"). *See* **Exhibit C**, Pfizer Plan Document, at 58 ("[T]he Plan Administrator and 'named fiduciary' of the Plan…shall have fiduciary responsibility under ERISA for the general operation of the Plan."); **Exhibit D**, Pfizer Savings Plan Form 5500, Notes to Financial Statements, at 6 ("The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, as amended (ERISA), and the Internal Revenue Code of 1986, as amended (the Code)."); **Exhibit E**, Savings Plan Summary Plan Description, at 85 ("Under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), the Plan is considered a defined contribution

---

[1] Merck Sharp & Dohme (f/k/a Merck Sharp & Dohme Corp.) ("Merck") filed a removal action on December 21, 2023 in connection with a Praecipe for Writ of Execution of Money Judgment served on Merck, which is now pending in this Court (Case No. 2:2023-cv-05086), and arises from the same underlying state court action.  Pfizer understands that Merck is filing its own Motion to Dismiss, and Pfizer respectfully refers the Court to Merck's arguments therein, which will provide further support for the Motion to Dismiss and dismissal of the Garnishment Action.

plan.").[2]  The Plan Administrator of the Pfizer Plan is the Savings Plan Committee of Pfizer Inc.

*See* Ex**.** D, Savings Plan Summary Plan Description, at 83.

The Pfizer Plan contains a clear anti-alienation and non-assignment of benefits provision,

which provides, in relevant part:

> 20.1 <u>Non-Alienation of Benefits</u>. No benefit payable under the provisions of the Plan shall be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, or charge, and any attempt to so anticipate, alienate, sell, transfer, assign, pledge, encumber or charge the same shall be void; **<u>nor shall benefits be in any manner liable for or subject to the debts</u>**, **contracts, liabilities, engagements or torts** of any Member, Beneficiary or Alternate Payee, except as specifically provided in the Plan, or a QDRO or by applicable law.

Ex. C, Pfizer Plan Document, at 61 (emphasis added).

This provision is summarized in the Plan's Summary Plan Description, which

states, in relevant part:

> The Plan Administrator is responsible for making all payments to Plan participants, alternate payees and beneficiaries. Except as described below [referring to Qualified Domestic Relations Orders ("QDRO")], your interest under the Plan cannot be sold, transferred or assigned to another person.

Ex. E, The Pfizer Savings Plan Summary Plan Description, at 77.

The Pfizer Plan is also tax-qualified under section 401(a) of the Internal Revenue

Code. *See* **Exhibit F**, IRS Determination Letter, April 18, 2018; Ex. D, Pfizer Savings Plan

Form 5500, Notes to Financial Statements, at 9 ("The Internal Revenue Service (IRS) has

---

[2] In deciding a motion under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016). Accordingly, because the Pfizer Savings Plan is integral to and explicitly implicated by the Garnishment Action, the plan documents may properly be considered in deciding this motion. *See Prestige Inst. for Plastic Surgery, P.C. v. Keystone Healthplan East*, 2020 U.S. Dist. LEXIS 224029, at *12 (D.N.J. Nov. 30, 2020) (in an ERISA action, considering plan documents submitted in support of the defendant's motion to dismiss); *Stallings v. IBM Corp.*, 2009 U.S. Dist. LEXIS 81963, at *10 (D.N.J. Sept. 8, 2009) (same).

determined and informed the Plan Sponsor by letter dated April 18, 2018 that the Plan and related trust are designed in accordance with the applicable sections of the Code. . . . Accordingly, no provision has been made for U.S. federal income taxes in the accompanying financial statements."); Ex. E, Savings Plan Summary Plan Description, at 81 ("The Savings Plan is intended to be a qualified plan under Section 401(a)…Because the Plan is intended to be a tax-qualified plan under Section 401(a) of the Code, Pfizer receives a tax deduction for contributions made to the Plan on behalf of participants).

## III.   LEGAL ARGUMENT

### A.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion in a responsive pleading. A motion to dismiss tests the legal sufficiency of the claims asserted in a plaintiff's complaint." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff . . . ." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). Dismissal is appropriate where, as here, the complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### B.   The Pfizer Savings Plan Funds Are Exempt from Garnishment Under ERISA's Anti-Alienation Provision and The Plan's Non-Assignment Provision.

The funds at issue in the Pfizer Savings Plan are exempt from garnishment under ERISA's anti-alienation provision. ERISA states that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C.A. §1056(d)(1). This anti-

alienation provision "erects a general bar to the garnishment of pension benefits from plans covered by [ERISA]." *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 371 (1990). The anti-alienation provision further reflects Congressional intent to safeguard pension income "even if [it] prevents others from securing relief for the wrongs done them." *Taddeo v. Taddeo*, 2008 WL 11510664, at *4-5 (W.D. Pa. May 30, 2008) (quoting *Guidry*, 493 U.S. at 376).

Furthermore, litigants may not seek rights or benefits under state law that conflict with the terms of an ERISA plan. *See Barnett v. SKF USA, Inc.*, 614 Pa. 463, 480-81 (2012) ("[G]ranting Appellees relief via state common law countermands ERISA's mandates that '[e]very employee benefit plan shall . . . specify the basis on which payments are made to and from the plan' and that '[a] fiduciary shall discharge his duties . . . in accordance with the documents and instruments governing the plan.') (quoting 29 U.S.C. §§ 1102(b)(4), 1104(a)(1)(D)).

There is a limited exception to the rule that plan benefits may not be assigned or alienated. *See* 29 U.S.C.A. § 1056(d)(3)(A). This exception requires distribution of funds to an authorized "alternate payee," including a former spouse, where there is a "qualified domestic relations order." *See id.*; 29 U.S.C.A. § 1056(d)(3)(B).  No domestic relations order of any kind is at issue here. Rather, this garnishment proceeding involves a judgment awarded in tort litigation, for which no exception applies. Moreover, Pfizer has clearly provided, in accordance with ERISA's mandate, that benefits under its plan may not be assigned or alienated. *See* Ex. C, Pfizer Plan Document, at 61; Ex. E, The Pfizer Savings Plan Summary Plan Description, at 77. The funds are thus exempt from garnishment, and Plaintiff's Garnishment Action should be dismissed with prejudice.

### C. <u>Funds in the Pfizer Savings Plan Are Protected from Judgment Creditors Under Pennsylvania State Law.</u>

The funds in the Pfizer Savings Plan are also exempt from garnishment under Pennsylvania law. Retirement funds "provided for" under section 401(a) of the Internal Revenue Code are

"exempt from attachment or execution." *See* 42 Pa. C.S § 8124(b)(1)(ix); *see also State Farm Mut. Auto. Ins. Co. v. Lincow*, 792 F. Supp. 2d 806, 810 (E.D. Pa. 2011) (concluding that "the conditions set forth in those [IRC] sections [including 401(a)] to be met for the exemption to apply."). The exemption under section 8124(b)(1)(ix) is contingent on tax qualification, which must be demonstrated by the defendant (or, in this case, the Garnishee). *Lincow*, 792 F. Supp. at 810.

Here, the Pfizer Savings Plan is clearly tax-qualified under section 401(a). *See* Ex. D, Pfizer Savings Plan Form 5500, Notes to Financial Statements, at 9; Ex. E, Savings Plan Summary Plan Description, at 81; Ex. F, IRS Determination Letter, April 18, 2018. Further, the Garnishment Action itself specifically notes that "[c]ertain retirement funds and accounts" are "major exemptions" under Pennsylvania (and federal) law. *See* Ex. A. Plaintiff ignores this principle altogether in seeking to compel garnishment from Plaintiff's qualified retirement account. Because the account is exempt from garnishment under Pennsylvania law, Plaintiff's Garnishment Action should be dismissed with prejudice.

### D.  **Pfizer Is Entitled To Its Attorneys' Fees**

Pfizer is confident that Plaintiff's meritless Garnishment Action will be dismissed and requests the opportunity to present argument before the Court for attorneys' fees. ERISA provides that a district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In deciding whether to grant attorney's fees in ERISA cases, the district court must consider the following five factors: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position." *Ursic v. Bethlehem Mines*, 719 F.2d 670 (3d Cir. 1983). A party is not required to establish each of these five factors to prevail on a claim for attorneys' fees, rather "they are

elements a court must consider in exercising discretion." *Fields v. Thompson Printing Co.*, 363 F. 3d. 259, 275 (3d Cir. 2004).

Applying these factors to the present matter, Pfizer believes it is entitled to an award of attorneys' fees. The undersigned counsel spoke to counsel for Plaintiff in this matter, explained its position, and notified Plaintiff of their intent to file this motion to dismiss. In response, Plaintiff's counsel admitted they may simply withdraw the Garnishment Action once Pfizer files its motion. In other words, the Garnishment Action is entirely unwarranted, was filed in bad faith, and is a patent a waste of judicial resources. Accordingly, the undersigned counsel requests permission to submit an application for attorneys' fees following the adjudication of Pfizer's instant motion to dismiss. *See Narducci v. Aegon USA, Inc.*, 2011 U.S. Dist. LEXIS 111472, at *3 (D.N.J. 2011) (permitting the defendant to file a motion for attorneys' fees following an order granting the defendant's motion to dismiss the plaintiff's complaint.); *see also Shoenberger v. Agere Sys.*, 2007 U.S. Dist. LEXIS 73441, at *30 (E.D. Pa. 2007) (noting that "[t]he award of counsel fees and costs in the ERISA context is a fact-sensitive inquiry that should only be undertaken after each party has an opportunity to persuade the court whether an award is appropriate.")

## IV.   <u>CONCLUSION</u>

The Garnishment Action is deficient as a matter of law. As outlined above, the funds at issue are exempt from garnishment under ERISA and Pennsylvania law. Accordingly, Garnishee respectfully requests that Plaintiff's Garnishment Action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully Submitted,

**JACKSON LEWIS P.C.**

*/s/ Timothy M. McCarthy*
Timothy M. McCarthy (PA#319308)
Zachary M. Halpern (PA #334087)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
*Attorneys for Garnishee,*
*Pfizer Inc.*

Date: January 11, 2024

**JACKSON LEWIS P.C.**
Timothy M. McCarthy (PA#319308)
Zachary M. Halpern (PA #334087)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
*Attorneys for Garnishee,*
*Pfizer Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIYLAH BURNS, | Honorable Juan R. Sanchez |
| Plaintiff, | CIVIL ACTION NO.: 2:23-cv-05090-JS |
| v. | |
| BLAKELY COOPER, ERIE INSURANCE EXCHANGE a/ka/ ERIE INSURANCE COMPANY | |
| Defendants, and | |
| PFIZER INC. | |
| Garnishee. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of January, 2024, I caused true and correct copies of Garnishee's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), Memorandum of Law in Support of Garnishee's Motion to Dismiss, with exhibits thereto, a Proposed Order, and this Certificate of Service to be served upon all counsel of record via the Court's ECF system.

*/s/ Timothy M. McCarthy*
Timothy M. McCarthy, Esq.

4862-5667-7532, v. 1