IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIYLAH BURNS : | |
| : | No. 2:23-CV-05090-JS |
| *Plaintiff* : | |
| v. : | |
| : | |
| BLAKELY COOPER, ET AL. : | |
| : | |
| *Defendants* : | |

## ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of Garnishee Pfizer Inc.'s Motion to Dismiss Garnishment Action, and all responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED**, with prejudice.

**BY THE COURT:**

_____

J.

| | |
|---|---|
| **CONWAY SCHADLER**<br>3245 Ridge Pike<br>Eagleville, PA 19403<br>(484) 997-2040<br>(484) 997-2041(fax) | **ATTORNEYS FOR PLAINTIFF** |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIYLAH BURNS | : | |
| | : | No. 2:23-CV-05090-JS |
| *Plaintiff* | : | |
| v. | : | |
| | : | |
| BLAKELY COOPER, ET AL. | : | |
| | : | |
| *Defendants* | : | |

**PLAINTIFF JAMIYLAH BURNS' RESPONSE IN OPPOSITION TO GARNISHEE PFIZER INC.'S MOTION TO DISMISS PLAINTIFF'S GARNISHMENT ACTION**

Plaintiff Jamiylah Burns, by and through her undersigned attorneys, hereby responds in opposition to Garnishee Pfizer Inc.'s Motion to Dismiss Garnishment Action. For the reasons set forth in the accompanying Memorandum of Law in Support of Her Response in Opposition to Garnishee Pfizer Inc.'s Motion to Dismiss Garnishment Action, Plaintiff requests the Motion be denied in accordance with the attached proposed order.

Respectfully submitted,

**CONWAY SCHADLER**

By:      /s/ Kevin M. Ellis
Kent E. Conway, Esquire
Kevin M. Ellis, Esquire
Nathan J. Schadler, Esquire
Attorney I.D. No. 88063 | 330708 | 92885
**Conway Schadler, LLC**
3245 Ridge Pike

                                                             Eagleville, PA 19403
                                                            (P) (484) 997-2040
                                                            (F) (484) 997-2041
                                                            *Attorneys for Plaintiff*

Dated: January 25, 2024

| | |
|---|---|
| **CONWAY SCHADLER** | **ATTORNEYS FOR PLAINTIFF** |
| 3245 Ridge Pike | |
| Eagleville, PA 19403 | |
| (484) 997-2040 | |
| (484) 997-2041(fax) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIYLAH BURNS : | |
| : | No. 2:23-CV-05090-JS |
| *Plaintiff* : | |
| v. : | |
| : | |
| BLAKELY COOPER, ET AL. : | |
| : | |
| *Defendants* : | |

**PLAINTIFF JAMIYLAH BURNS' MEMORANDUM OF LAW IN SUPPORT OF HER RESPONSE IN OPPOSITION TO GARNISHEE PFIZER INC.'S MOTION TO DISMISS PLAINTIFF'S GARNISHMENT ACTION**

Plaintiff Jamiylah Burns, by and through her attorneys, Conway Schadler, LLC, submits this Memorandum of Law in Support of Her Response in Opposition to Garnishee Pfizer Inc.'s Motion to Dismiss Garnishment Action and, in support thereof, provides as follows:

I.   **INTRODUCTION**

Blakeley Cooper intentionally initiated and increased contributions to his Pfizer 401(k) following the entry of a civil judgment against him for the purpose of evading payment of the money owed to Plaintiff. In doing so, Cooper repeatedly claimed and continues to claim inability to pay despite his six-figure salary by stuffing as much money as practical into a vehicle he deemed wholly exempt, leaving scraps behind in any non-exempt accounts for Plaintiff to attempt to garnish. As Cooper's scheme amounts to fraudulent conveyances subject to relief under Pennsylvania law not subject to ERISA preemption, Pfizer's Motion should be denied.

**II.     FACTS**

On June 19, 2019, a jury awarded Plaintiff Jamiylah Burns $55,000 in compensatory damages and $20,000 in punitive damages following a trial in the Montgomery County (Pennsylvania) Court of Common Pleas, finding Defendant, and Plaintiff's ex-husband, Blakeley Cooper liable for defamation and intentional interference with a contract. Defendant appealed the decision, and the decision was affirmed by the Pennsylvania Superior Court. Defendant appealed the Superior Court's decision by way of Petition for Allowance of Appeal, which the Pennsylvania Supreme Court denied. Defendant then sought a *second* appeal to the Pennsylvania Superior Court, which the Pennsylvania Superior Court denied and, due to Defendant's appeal "ha[ving] no basis in law or fact", awarded sanctions to Plaintiff for Defendant's "vexatious prosecution of this frivolous appeal." See Burns v. Cooper, 895 EDA 2021 (Pa. Super. Dec. 9, 2021), attached hereto as **Exhibit A**.

Cooper has obstructed Plaintiff's efforts to collect on the judgment in this matter. Cooper repeatedly refused to provide sufficient information relating to his accounts in response to Plaintiff's discovery requests in aid of execution, instead providing tidbits of documents claiming he possessed so little assets that he was unable to pay the judgment owed to Plaintiff, in a lump sum or otherwise. In conjunction with his obstruction, Cooper refused to meaningfully negotiate on settlement. As a result of the obstruction and refusal, the amount Cooper owes to Plaintiff is now $93,000 ($75,000 judgment plus $18,000 in interest accrued).

Cooper's claim of inability to pay is confounded by two factors. First, Cooper's salary is approximately $140,000. Second, Cooper has two 401(k) plans (hereinafter "the Plans") through his current employer Merck and his prior employer Pfizer that, as of November 30, 2022, had amounts of $55,778.49 and $44,092.74, respectively. All of Defendant's contributions to his

2

Merck 401(k) were made following the judgment in this action as his entire employment with Merck, starting in August 2020, post-dates the judgment entered in June 2019. Some of his Pfizer 401(k) contributions also post-date the June 2019 judgment. During this period, Defendant repeatedly fluctuated his 401(k) contributions between 6% to 25% as follows:

> On July 31, 2020, Defendant increased his contributions from 6% before tax and 0% in Roth Base Pay to 15% Before Tax and 10% in Roth Base Pay
>
> On January 8, 2021 Defendant decreased his contributions from 15% Before Tax and 10% in Roth Base Pay to 6% before tax and 0% in Roth Base Pay.
>
> On March 16, 2021, Defendant re-increased his contributions from 6% Before Tax and 0% After Tax to 15% Before Tax and 10% after tax
>
> On April 28, 2021 Defendant decreased his contributions from 15% Before Tax and 10% After Tax to 6% Before Tax and 0% After Tax
>
> On May 24, 2021 Defendant re-increased his contributions from 6% Before Tax and 0% After Tax to 15% Before Tax and 10% After Tax
>
> On August 5, 2021 Defendant decreased his contributions from 15% Before Tax and 10% After Tax to 3% Before Tax and 3% After Tax
>
> On October 8, 2021 Defendant re-increased his contributions from 3% Before Tax and 3% After Tax to 15% Before Tax and 10% After Tax
>
> On January 10, 2022 Defendant decreased his contributions from 15% Before Tax and 10% After Tax to 6% Before Tax and 0% After Tax
>
> On March 1, 2022 Defendant re-increased his contributions from 6% Before tax to 25% Before Tax
>
> On April 19, 2022 Defendant decreased his contributions from 25% Before Tax to 6% Before Tax

<u>See</u> Statements attached hereto as **Exhibit B**.

As a result of Cooper's gamesmanship with his 401(k)s, Plaintiff sought to execute upon both of the Plans. Defendant never filed an exemption to any of the writs of execution served in this matter, relating to the retirement account exemptions or otherwise. Following a hearing on the

3

matter in the Montgomery County Court of Common Pleas, during which the Honorable Jeffrey Saltz instructed Plaintiff to join Pfizer and Merck to the present action, Plaintiff served writs of execution upon Merck and Pfizer. Both Merck and Pfizer removed the matter to the United States District Court for the Eastern District of Pennsylvania, docket numbers 2:23-CV-05086-JS and 2:23-cv-05090-JS, respectively. Both Merck and Pfizer filed motions to dismiss, to which Plaintiff presently responds.

### III.   ARGUMENT

#### A. Legal Standard

To survive a 12(b)(6) motion to dismiss, a plaintiff must merely plead "enough facts to state a claim to relief that is plausible on its face." Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co., 967 F.3d 218, 224 (3d Cir. 2020) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). When assessing the merits of a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and view the facts in the light most favorable to the non-moving party. Hickey v. Univ. of Pittsburgh, 81 F.4th 301, 308 (3d Cir. 2023).

#### B. ERISA's Anti-Alienation Provisions Do Not Preclude Plaintiff From Relief Under the Unrelated and Unconnected Uniform Voidable Transactions Act and 42 Pa.C.S. § 8124(b)

Plaintiff does not dispute that the entirety of Cooper's ***pre-judgment*** 401(k) contributions to Pfizer (or otherwise) are exempt from attachment, garnishment, and alienation under the Employee Retirement Income Security Act of 1974 ("ERISA"). Notwithstanding the above, there remain unanswered questions of fact and questions of law as to whether Cooper's ***post-judgment*** 401(k) contributions and the fraudulent intent behind same are also wholly exempt under ERISA

or Pennsylvania law. For the purposes of the present Motion, the contributions at issue as it relates to Pfizer are solely those contributed from June 19, 2019 through Cooper's employment being terminated at Pfizer. Granting Merck and Pfizer's motions to dismiss would give license to any Defendant subject to a judgment to stuff income and assets into 401(k)s to purposely prevent judgment collection without consequence. This unreasonable result should not be adopted by this Court.

   1. *ERISA Anti-Alienation and Ordinary Preemption are Not Absolute, Requiring a State Law to Impermissibly Govern a Central Matter of Plan Administration or Interfere with Nationally Uniform Plan Administration To Be Preempted Under ERISA*

Pfizer's argument rests on a broad interpretation of ERISA's anti-alienation provision and related preemption provisions. The ERISA anti-alienation language applicable to the Plans subject to the present action provides that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). The only applicable statutory exceptions to this anti-alienation are for qualified domestic relations orders (QDROs) and for allowing participants to take out loans from their applicable accounts. See 29 U.S.C. § 1056(d)(3) (QDROs), 29 U.S.C. § 1056(d)(2) (participant loans). In addition to anti-alienation, ERISA also contains provisions for preemption of specific state laws. As to the preemption at issue here, found in ERISA Section 514(a), State laws that "relate to any employee benefit plan" are preempted by ERISA. See 29 U.S.C. § 1144(a).

While this ordinary ERISA preemption is "clearly expansive," it is not unlimited, as "the term 'relate to' cannot be taken to extend to the furthest stretch of its indeterminacy, or else for all practical purposes pre-emption would never run its course." See Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 146 (2001), See also Rutledge v. Pharm. Care Mgmt. Ass'n, 592 U.S. 80, 93 (2020) (Thomas, J., concurring) (noting the Supreme Court's concern that a literal reading of ERISA's phrase "relate to" would render it so broad that it is meaningless). The test developed by

5

the United States Supreme Court to determine the impermissible relationship rests upon whether the state law has a connection with or reference to an ERISA plan. Rutledge, 592 U.S. at 86 (quoting Egelhoff, 532 U.S. at 147). The "impermissible connection" analysis includes consideration the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive as well as to the nature of the effect of the state law on ERISA plans. Egelhoff, 532 U.S. at 147.

In Rutledge, the Supreme Court's most recent recitation of ERISA objectives, the Court provided as follows:

> ERISA was enacted to make the benefits promised by an employer more secure by mandating certain oversight systems and other standard procedures. In pursuit of that goal, Congress sought to ensure that plans and plan sponsors would be subject to a uniform body of benefits law, thereby minimizing the administrative and financial burden of complying with conflicting directives and ensuring that plans do not have to tailor substantive benefits to the particularities of multiple jurisdictions.

Rutledge, 592 U.S. at 80 (internal citations omitted). Given these objectives, the Rutledge Court elucidated that the preemption applies if a state law "governs a central matter of plan administration or interferes with nationally uniform plan administration." Id. at 87.

2. *The Pennsylvania UTVA is Not Preempted by ERISA as it Does Not Have an Impermissible Connection to ERISA Plans and Should Allow Plaintiff to Seek Relief From Cooper in This Case*

Pfizer attempts to place the present controversy in the realm of ERISA, anti-alienation, and garnishment of 401(k) plans when the matter is much more involved than that. Cooper's violations of the Pennsylvania Uniform Voidable Transactions Act ("UVTA") should be determined in an appropriate hearing and the appropriate remedies be set forth to give Plaintiff appropriate relief. As a matter of first impression, this Court should not find that the UVTA is preempted by ERISA's ordinary preemption provision such that it completely precludes Plaintiff from seeking appropriate relief in this matter.

6

The UVTA provides that transfers or obligations incurred by a debtor are voidable as to a creditor if the debtor made the transfer or incurred the obligation "with actual intent to hinder, delay or defraud any creditor of the debtor." 12 Pa.C.S. § 5104(a)(1). Creditors under the UVTA may obtain a number of different remedies, including avoidance of the transfer, attachment against the asset transferred, injunction against further disposition of the asset transferred or of other property, and levy execution on the asset transferred following obtaining a judgment. See 12 Pa.C.S. § 5107. Judgments for violations of the UVTA may also be obtained against transferees. See 12 Pa.C.S. § 5108(b).

Pfizer does not cite to the above-referenced statute or any relevant case law in support of its argument that ERISA prevents Plaintiff from obtaining relief here. At this juncture, there has yet to be a hearing on determining the intent of Cooper's increased post-judgment 401(k) contributions as it relates to his frustration of Plaintiff's judgment execution efforts. As such, there remain factual determinations as to whether Cooper's transfers and obligations violated the UVTA and what appropriate remedies should be put in place relating to same.

The UVTA, even as applied here to Cooper's 401(k) contributions, lacks the impermissible connection or relationship to require it preempted under ERISA. The UVTA does not govern a central matter of 401(k) plan administration. At most, the UVTA in this matter deals with specific transactions representing decisions made by Cooper to hinder Plaintiff's collection on the judgment Cooper owes her. Furthermore, the UVTA does not interfere with nationally uniform plan administration based on the individual nature of the transactions subject to the UVTA. As Pfizer provides no authority, binding, persuasive, or otherwise, that renders the UVTA inapplicable to the present matter or preempted by ERISA, this Court should deny its Motion to Dismiss pending the determination of Cooper's violations of the UVTA.

7

3. <u>*42 Pa.C.S. § 8124(b) Is Not Preempted by ERISA Due to Pennsylvania's Regulation of Fraudulent Conveyances Not Governing a Central Matter of Plan Administration or Interfering with Nationally Uniform Plan Administration*</u>

Similar to the UVTA, Pennsylvania's fraudulent-transfer-based provision in Pennsylvania's exemptions from judgments goes uncited in Merck and Pfizer's Motions. The plain language of the statute runs in lockstep with Pennsylvania's authority to regulate fraudulent conveyances under the UVTA and, as a matter of first impression, should not be preempted by ERISA and should allow Plaintiff to enforce the judgment against Cooper. To hold otherwise would give license to defendants subject to a judgment to stuff their entire income into their 401(k) to avoid paying judgments and then claim poverty, an unreasonably consequence-free vehicle that exceeds any reasonable bound of ERISA's objectives.

42 Pa.C.S. § 8124 lays out various exemptions of particular property that a judgment debtor may claim. 42 Pa.C.S. § 8124. Subsection (b)(ix) provides that certain money or property shall be exempt from attachment or execution, including retirement funds provided for under sections 401(a) of the Internal Revenue Code. 42 Pa.C.S. § 8124(b)(ix). However, the exemption is limited by its express terms, in relevant part, as follows:

> This subparagraph shall not apply to:
>
> …
> (B) Amounts contributed by the debtor to the retirement or annuity fund in excess of $15,000 within a one-year period. This shall not include amounts directly rolled over from other funds which are exempt from attachment under this subparagraph.
> (C) Amounts deemed to be fraudulent conveyances.

42 Pa.C.S. § 8124(b)(ix)(B)–(C).

Pfizer's selective citation of 42 Pa.C.S. § 8124 ignores that Plaintiff should be permitted to inquire about the amount of Cooper's contributions as well as the fraudulent nature of said contributions. Primarily, it should be noted that Cooper has never filed exemptions with the

Sheriff's office related to this section to claim the funds therein were exempt. See Pa.R.C.P. 3123.1(a). Additionally, Plaintiff also alleges that Cooper's post-judgment Pfizer contributions should be deemed fraudulent conveyances based on his alleged intent to hinder, delay, and defraud. If 42 Pa.C.S. § 8124 is applicable to this matter, it should be read in its entirety, not in the piecemeal form that Pfizer proposes.

The rationale for 42 Pa.C.S. § 8124 surviving ERISA preemption relies on similar bases to that for the UVTA. Subsection (b)(ix)(B) demonstrates Pennsylvania's legislative intent to protect ERISA funds and that amounts over $15,000 would impermissibly interfere with Pennsylvania's legitimate interest in ensuring that those subject to a judgment do not intentionally avoid paying through excessive or fraudulent means. Subsection (b)(ix)(C) reinforces the UVTA to forbid debtors from fraudulently conveying money to their retirement accounts for the purpose of hindering, delaying, or defrauding their creditors. These effects do not govern central matters of plan administration nor do they interfere with national plan administration as they are time specific, amount specific, and transaction specific. Additionally, to the extent that Pfizer deems this statute applicable as to the exemptions, the statute should be read as a whole to also be allowed to apply the inquiry into the fraudulent conveyance exception to the exemption as well.

### C. Pfizer's Request for Sanctions Should Be Denied Where Plaintiff's Enforcement of Her Judgment is in Good Faith

Pfizer's request for sanctions is based upon a gross mischaracterization of a phone call between counsel. The sole bases Pfizer seeks sanctions is its conclusory legal opinion as to the merits of Plaintiff's garnishment (to which Plaintiff responded substantively above) and its correspondence with counsel. Pfizer's version of the phone call with counsel interprets the conversation as Plaintiff conceding that her garnishment was, in Pfizer's words, "filed in bad faith and is a patent a [sic] waste of judicial resources." A conversation in such nature never took place.

Instead, counsel for Pfizer did correspond with the undersigned by phone prior to the filing of the present Motion where it did explain its position and intent to file. However, the undersigned's response included an explanation of its position (including the fraudulent conveyance components addressed above yet omitted from Pfizer's Motion) and an assertion that if Pfizer presented the undersigned with unambiguous binding authority that Plaintiff continuing down this path would be wholly meritless, Plaintiff would withdraw the Motion. As Pfizer's Motion does not contain such unambiguous authority and ignores many of the provisions related to fraudulent conveyances, Plaintiff did not withdraw her action. The undersigned never asserted or implied that the present garnishments were unwarranted, were filed in bad faith, or were intended to waste judicial resources. Counsel for Pfizer should cease with such mischaracterizations and Pfizer's request for sanctions should be denied accordingly.

### III.   CONCLUSION

Because the UVTA and 42 Pa.C.S. § 8124 lack the impermissible connection to ERISA funds to warrant their preclusion, this Court should deny Pfizer's Motion to Dismiss and set a hearing for a determination on whether Cooper's post-judgment 401(k) contributions violate the UVTA, exceed the exempt amount under 42 Pa.C.S. § 8124(b)(ix)(B), or amount to fraudulent conveyances under 42 Pa.C.S. § 8124(b)(ix)(C).

    Respectfully submitted,

    **CONWAY SCHADLER**

    By:_____/s/ Kevin M. Ellis_____
    Kent E. Conway, Esquire
    Kevin M. Ellis, Esquire
    Attorney I.D. No. 88063 | 330708
    **Conway Schadler, LLC**
    3245 Ridge Pike
    Eagleville, PA 19403
    (P) (484) 997-2040

(F) (484) 997-2041
*Attorneys for Plaintiff*

11

| | |
|---|---|
| **CONWAY SCHADLER**<br>3245 Ridge Pike<br>Eagleville, PA 19403<br>(484) 997-2040<br>(484) 997-2041(fax) | **ATTORNEYS FOR PLAINTIFF** |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIYLAH BURNS : <br> : <br> *Plaintiff* : <br> v. : <br> : <br> BLAKELY COOPER, ET AL. : <br> : <br> *Defendants* : | No. 2:23-CV-05090-JS |

### CERTIFICATE OF SERVICE

I, Kevin M. Ellis, hereby certify that on January 25, 2024, a true and correct copy of Plaintiff's Response in Opposition to Garnishee Pfizer Inc.'s Motion to Dismiss Garnishment Action, Memorandum of Law, and Proposed Order were served upon the following counsel via email:

Douglas K. Jenkins, Esquire
**Jenkins Law Practice, LLC**
100 South Broad Street, Suite 1525
Philadelphia, PA 19110
djenkins@jenkinslawpractice.com
*Counsel for Defendant Blakeley Cooper*

Timothy M. McCarthy, Esquire
**Jackson Lewis P.C.**
Three Parkway
1601 Cherry Street, Ste. 1350
Philadelphia, PA 19102
Timothy.McCarthy@jacksonlewis.com
*Counsel for Garnishee Pfizer, Inc.*

Kerstin M. Miller, Esquire
Adam M. Meehan, Esquire
**Smith & Downey, P.A.**
320 E. Towsontown Blvd, Suite 1 East
Baltimore, MD 21286
ameehan@smithdowney.com
kmiller@smithdowney.com
*Counsel for Garnishee Merck*

Stephen J. Fleury, Jr., Esquire
**Saxton & Stump**
100 Deerfield Lane, Suite 240
Malvern, PA
sjf@saxtonsump.com
*Counsel for Garnishee Merck*

1

2

|  |  |
|---|---|
| DATE: January 25, 2024<br>*Via Email* | **CONWAY SCHADLER, LLC**<br><br>By: /s/ Kevin M. Ellis<br>Kent E. Conway, Esquire<br>Kevin M. Ellis, Esquire<br>**Conway Schadler, LLC**<br>3245 Ridge Pike<br>Eagleville, PA 19403<br>(P) (484) 997-2040<br>(F) (484) 997-2041<br>*Attorneys for Plaintiff* |