**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| JAMIYLAH BURNS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BLAKELY COOPER,<br>ERIE INSURANCE EXCHANGE<br>a/ka/ ERIE INSURANCE COMPANY<br><br>　　　　　　　Defendants, and<br><br>PFIZER INC.<br><br>　　　　　　　Garnishee. | Honorable Juan R. Sanchez<br><br>CIVIL ACTION NO.: 2:23-cv-05090-JS |

---

**GARNISHEE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S GARNISHMENT ACTION WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

**JACKSON LEWIS P.C.**
Timothy M. McCarthy (PA#319308)
Zachary M. Halpern (PA #334087)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
*Attorneys for Garnishee,*
*Pfizer Inc.*

## **Introduction**

Garnishee Pfizer Inc. ("Pfizer" or "Garnishee") hereby files this Reply Memorandum of Law in Further Support of Its Motion to Dismiss Plaintiff's Garnishment Action with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below and those set forth in Pfizer's moving papers, Plaintiff's garnishment action should be dismissed with prejudice.[1]

## **Argument**

**I.     Plaintiff Has Not Brought a Claim Under the Pennsylvania Uniform Voidable Transactions Act ("PUVTA") Nor Alleged That Pfizer Violated the PUVTA.**

Plaintiff has not brought a claim under the PUVTA. Nonetheless, in her Opposition to Pfizer's Motion to Dismiss she relies on vague suggestions that Blakely Cooper ("Cooper") violated the PUVTA. *See* Pl.'s Opp., at 6. This argument is a distraction. The Court need not decide whether Plaintiff has a viable PUVTA claim because she has not alleged one **at all**. The PUVTA creates a separate cause of action, independent of the present garnishment action. *See* 12 Pa.C.S. 5107(a) ("In an **action for relief** against a transfer or obligation under this chapter…") (emphasis added);  *Hamill v. Twin Cedars Senior Living, LLC*, 2022 U.S. Dist. LEXIS 141099, at *18-19 (M.D. Pa. Aug. 5, 2022) ("The [heightened pleading] requirements of Rule 9(b) apply to fraudulent transfer claims under Pennsylvania's Uniform Fraud Transfer Act.").[2]  To the extent Plaintiff attempts to use her opposition to amend the garnishment action, it is well-settled that a plaintiff may not amend a complaint except through an amended pleading. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.9 (3d Cir. 2002).

In addition, Plaintiff does not even contend that Pfizer violated PUVTA. Rather, Plaintiff

---

[1] Merck Sharp & Dohme (f/k/a Merck Sharp & Dohme Corp.) ("Merck") filed a removal action based on the same underlying facts that is now pending in this Court (Case No. 2:2023-cv-05086). Pfizer understands that Merck is filing its own Reply in Further Support of Its Motion to Dismiss, and Pfizer respectfully refers to Merck's arguments therein, which will provide further support for dismissal of the Garnishment Action.

[2] Prior to amendment, PUVTA was known as the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA") *See* 12 Pa.C.S. § 5101(a).

consistently argues that **Cooper** violated the PUVTA. *See* Pl.'s Opp., at 6 ("Cooper's violations of the Pennsylvania Uniform Voidable Transactions Act should be determined in an appropriate hearing…"); *id.* at 7 ("[T]here remain factual determinations as to whether Cooper's transfers and obligations violated the UVTA…"); *id.* ("[T]he UVTA…deals with…decisions made by Cooper…"). Plaintiff's dispute over alleged violations of the PUVTA are with Cooper, not Pfizer.

Plaintiff is, in essence, asking this Court to decide—without bringing a claim—that Pfizer should relinquish ERISA-qualified retirement funds, based solely on her belief that a third-party violated the PUVTA. Pfizer cannot abandon its fiduciary duties under ERISA merely because Plaintiff believes that Cooper violated the PUVTA. Nor is it appropriate to determine whether Cooper violated the PUVTA in the instant garnishment action against Pfizer, in which Cooper is not a party.

Because Plaintiff has not brought a claim under PUVTA nor argued that Garnishee violated that law, her argument is without merit and the garnishment action should be dismissed with prejudice.

## II.     Plaintiff Fails to State a Claim for Violation of the PUVTA.

Even if allegations that Cooper or Pfizer violated the PUVTA were properly before this Court, Plaintiff would still fail to state a claim.[3] Under PUVTA, creditors may obtain voidance of a transfer made to another party if (1) the plaintiffs are "creditors" as defined by the statute; (2) the transfers were made with actual fraudulent intent; and (3) there are no viable defenses. *Newtek Small Bus. Fin., LLC v. Tex. First Capital, Inc.*, 644 F. Supp. 3d 113, 120 (E.D. Pa. 2022); 12

---

[3] Had Plaintiff brought an action under PUVTA, it would not be timely. Under 12 Pa.C.S. § 5109, a claim for relief under § 5104(a)(1) must be brought within four years after the transfer was made, or if later, not later than one year after the transfer was or could reasonably have been discovered. Here, Plaintiff alleges transfers beginning on June 19, 2019. The four-year period would run on June 19, 2023. Any transfer could have reasonably been discovered at that date.

Pa.C.S. § 5104(a). PUVTA claims are also subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). *Hamill*, 2022 U.S. Dist. LEXIS 141099, at *18-19.

Plaintiff fails to allege any transfers to the Pfizer Plan were made with actual fraudulent intent. She contends that Cooper violated the PUVTA by increasing his "post-judgment 401(k) contributions" to frustrate Plaintiff's ability to execute her judgment. Pl.'s Resp. in Opp., at 7. Specifically, she points to ten fluctuations in Cooper's 401(k) contributions beginning on July 31, 2020 and ending April 19, 2022 to suggest that Cooper ultimately increased his 401(k) contributions post-judgment in order to evade execution. *Id.* at 3.

There are two glaring issues. First, Plaintiff failed to allege that Cooper's pre-judgment 401(k) contributions were any less than his post-judgment contributions, and, thus, she failed to allege **<u>any increase</u>** in Cooper's post-judgment contributions, much less a fraudulent one. Second, none of the ten instances in which Plaintiff attempts to point to fluctuations in post-judgment contributions implicate Pfizer. In fact, Plaintiff concedes that the only Pfizer contributions at issue are those from June 19, 2019 until the end of Cooper's employment at Pfizer. *Id.* at 5. The earliest instance in which Plaintiff contends an increase occurred is July 31, 2020, well after Plaintiff stopped making contributions to a Pfizer 401(k) account. *See* Pl.'s Resp. in Opp., at 3. Plaintiff notes that some of Cooper's "Pfizer 401(k) contributions also post-date the June 2019 judgment." *Id.* But this is irrelevant. Plaintiff does not argue, and it is plainly not the case, that the 2019 judgment or the PUVTA prevents Cooper from making *any* 401(k) contributions. *See Newtek Small Bus. Fin.*, 644 F. Supp. 3d at 120 ("The complaint fails to raise any specific facts that show Children First acted with an intent to defraud Newtek by transferring funds Texas First. Rather the complaint essentially asks the court to presume malicious intent based on the fact that the transfer occurred.").

3

Notably, Plaintiff does not provide any support for Burns' alleged "fraudulent" Pfizer plan contributions. *See* Pl's Resp. in Opp., Exhibits A & B. She merely includes a handful of "Merck US Savings Plan" documents purporting to show contributions to an entirely different plan—the Merck plan—beginning well after the end of her employment at Pfizer. *See id.*, Exhibit B. These records are irrelevant to Burns' argument against Pfizer and should not be considered. *See Pagan v. New Wilson's Meats, Inc.*, 2008 U.S. Dist. LEXIS 63584, at *7 (E.D. Pa. Aug. 19, 2008) ("To the extent that the attached exhibits concern matters outside of the complaint, they are excluded."). Thus, even if a claim under the PUVTA were properly before this Court, it would fail.

## III. The PUVTA Is Preempted by ERISA Because It Governs a Central Matter of Plan Administration and Would Interfere with Nationally Uniform Plan Administration.

Plaintiff's conclusory argument that the PUVTA is not preempted by ERISA because it does not govern a central matter of 401(k) plan administration and would interfere with nationally uniform administration is without merit. Just the opposite is true. PUVTA would interfere with the payment of benefits and create different legal obligations in different states. To the extent the garnishment remedy seeks to force fiduciaries to distribute funds in derogation of plan terms, the PUVTA conflicts with ERISA, and is thus preempted.

ERISA preempts state law where the state law has an impermissible "connection with" ERISA plans. *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 320 (2016). An impermissible connection exists where the state law governs "a central matter of plan administration" or "interferes with nationally uniform plan administration." *Id.* (quoting *Egelhoff v. Egelhoff*, 532 U.S. 141, 148 (2001)).

The payment of benefits is a central matter of plan administration. *Egelhoff*, 532 U.S. at 148. In *Egelhoff*, a state statute was preempted by ERISA because it bound plan administrators to

4

pay benefits according to state law, rather than those identified in the plan documents. *Id.* at 147. Such a mandate ran counter to ERISA's command that a plan shall "specify the basis on which payments are made to and from the plan," and that a fiduciary shall administer the plan "in accordance with the documents and instruments governing the plan." *Id.* (quoting 29 U.S.C. §§ 1102(b)(4), 1104(a)(1)(D)). Similarly, Plaintiff here attempts to use the PUVTA to compel a fiduciary to distribute plan benefits to her, a beneficiary not authorized by the terms of the plan. PUVTA would thus interfere with the payment of benefits, a central matter of plan administration.

Moreover, PUVTA would interfere with nationally uniform plan administration by subjecting plans to different legal obligations in different states. In *Egelhoff*, the state statute at issue created varying legal obligations between states because it prevented plan administrators from making payments simply by identifying the beneficiary specified in the plan documents. 532 U.S. at 148. Instead, it would have required administrators to determine whether the named beneficiary's status had been revoked by state law. *Id.* at 149. PUVTA would likewise prevent plan administrators from paying the beneficiary named in the plan documents, Cooper, and instead require a determination that a state's fraudulent transfer law would prevent payment to the named beneficiary. Thus, Plaintiff's unsupported contentions that the PUVTA "only deals with specific transactions" related to Cooper ignores the broader goals of ERISA.

Plaintiff has entirely ignored Garnishee's argument in its moving brief based on well-settled law, namely that ERISA's anti-alienation provision bars the garnishment of pension benefits. *See* Pfizer's Mot., at 5; *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 371 (1990). In *Guidry*, a union trustee was convicted of embezzling union funds, but ERISA's anti-alienation provision nonetheless barred imposition of a constructive trust on his pension benefits. 493 U.S. at 372. Here, Plaintiff's unalleged violations of PUVTA, which are far short of

5

an embezzlement conviction, cannot overcome ERISA's anti-alienation provision. *See also Shah v. Baloch*, 418 P.3d 902, 903 (Ariz. Ct. App. 2017) (rejecting plaintiff's argument that funds fraudulently conveyed into a 401(k) account could be garnished based on *Guidry* and ERISA's anti-alienation rule); *Ellis National Bank of Jacksonville v. Irving Trust Co*., 786 F.2d 466 (2d Cir. 1986) (prohibiting an employer from reclaiming funds contributed to an employee's pension plan even though the funds had been obtained by fraudulent practices).

Plaintiff has also ignored Garnishee's argument, based on well-settled law, that ERISA requires fiduciaries to follow plan terms and prohibits distributions inconsistent with plan terms. *See* Pfizer's Mot., at 6. Plaintiff does not, and cannot, point to any plan term here that makes a plan participant's assets available to general creditors. Plaintiff's argument that granting Pfizer's motion to dismiss would allow wrongdoers to evade collection is a red herring. The Supreme Court determined that Congress made the policy choice that retirement funds governed by ERISA are exempt from assignment or alienation, including garnishment, and the **only** exceptions to this policy are those made by Congress. *See Guidry* 493 U.S. at 376. ("Nor do we think it appropriate to approve any generalized equitable exception—either for employee malfeasance or for criminal misconduct—to ERISA's prohibition on the assignment or alienation of pension benefits. Section 206(d) reflects a considered congressional policy choice, a decision to safeguard a stream of income for pensioners (and their dependents, who may be, and perhaps usually are, blameless), even if that decision prevents others from securing relief for the wrongs done them. If exceptions to this policy are to be made, it is for Congress to undertake that task.")

Thus, Plaintiff fails to make any colorable argument that PUVTA is not preempted by ERISA. Rather, PUVTA conflicts with ERISA to the extent that it compels fiduciaries to pay out money against plan terms. In this way, it is preempted by ERISA. *See Unite Nat'l Ret. Fund v.*

*Rosal Sportswear, Inc.*, 2007 U.S. Dist. LEXIS 68110, at *15-20 (M.D. Pa. Sep. 14, 2007) (holding that Plaintiffs' state law claims under PUFTA were subject to ERISA preemption).  Indeed, ERISA is "an enormously complex and detailed statute that resolved innumerable disputes between powerful competing interests—not all in favor of potential plaintiffs." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993).

## IV.     The Limitations to Exemptions in 42 Pa.C.S. § 8124(b) Do Not Apply.

Plaintiff acknowledges that retirement funds are exempt from attachment or execution under 42 Pa.C.S. § 8124 but contends that limitations under § 8124(b)(ix)(B)-(C) apply, namely that contributions in excess of $15,000 to a retirement fund within a one-year period are not exempt nor are amounts deemed to be fraudulent conveyances.

As discussed *supra*, Plaintiff has not alleged, nor is it the case, that Cooper contributed an amount more than $15,000 to the Pfizer plan within a one-year period. Moreover, § 8124(b)(ix)(C) refers to "[a]mounts deemed to be fraudulent conveyances"—it does not create a separate cause of action for determining a fraudulent conveyance nor authorize an inquiry into fraud, as Plaintiff contends. Thus, the limitations to exemptions in 42 Pa.C.S. § 8124(b) do not apply.[4]

### <u>Conclusion</u>

Accordingly, and for the reasons set forth in Garnishee's moving memorandum, Plaintiff's garnishment action should be dismissed with prejudice.[5]

Respectfully submitted,

/s/*Timothy M. McCarthy*
**JACKSON LEWIS P.C.**
Timothy M. McCarthy (PA#319308)

---

[4] Plaintiff makes the same conclusory argument that 42 Pa.C.S. § 8124(b) is not preempted by ERISA as she does regarding the PUVTA. This argument fails for the same reasons discussed in subsection III and as set forth in Pfizer's moving papers at 5-7.
[5] Plaintiff's contention that Pfizer's "request for sanctions" should be denied is unresponsive to Pfizer's argument for attorney's fees and costs. As discussed in its moving papers, Pfizer should be awarded attorney's fees and costs as authorized under ERISA. *See* Pfizer's Mot. to Dismiss, at 7.

**JACKSON LEWIS P.C.**
Timothy M. McCarthy (PA#319308)
Zachary M. Halpern (PA #334087)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
*Attorneys for Garnishee,*
*Pfizer Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIYLAH BURNS,<br><br>    Plaintiff,<br><br>  v.<br><br>BLAKELY COOPER,<br>ERIE INSURANCE EXCHANGE<br>a/ka/ ERIE INSURANCE COMPANY<br><br>    Defendants, and<br><br>PFIZER INC.<br><br>    Garnishee. | Honorable Juan R. Sanchez<br><br>CIVIL ACTION NO.: 2:23-cv-05090-JS |

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this 1st day of February, 2024, I caused true and correct copies of Garnishee's Reply Memorandum of Law in Further Support of Its Motion to Dismiss Plaintiff's Garnishment Action, and this Certificate of Service to be served upon all counsel of record via the Court's ECF system.

           */s/ Timothy M. McCarthy*

           Timothy M. McCarthy, Esq.

4882-3261-6097, v. 4

8